"O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 10-0402 AG (MLGx)** | Date | April 30, 2010 |
|---|---|---|---|
| Title | JAMES v. CITY OF COSTA MESA, ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** **ORDER DENYING PRELIMINARY INJUNCTION**

Issues relating to medical marijuana are a focus in today's culture. These issues have engrossed our citizens, scholars, and officials in many debates. Should California let seriously ill citizens use marijuana to ease their pain? *See* Cal. Health & Safety Code § 11362.5 (codifying Proposition 215, also known as the Compassionate Use Act, where California's citizens answered "yes"). May Congress ban private consumption of medical marijuana? *See Gonzales v. Raich*, 545 U.S. 1 (2005) (answering "yes"). Should federal agencies vigorously enforce this ban against persons using marijuana in compliance with state law? *See* Memorandum from Deputy Attorney General David W. Ogden to Selected United States Attorneys (October 19, 2009) (answering "no," and stating that "prosecution of individuals with cancer or other serious illnesses who use marijuana as part of a recommended treatment regimen consistent with applicable state law . . . is unlikely to be an efficient use of limited federal resources."), *available at* http://www.justice.gov/opa/documents/medical-marijuana.pdf.

The record and arguments in this case stimulate thoughts on many other questions concerning medical marijuana, the rights of the seriously ill, and the interplay between

"O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0402 AG (MLGx)** | Date | April 30, 2010 |
|---|---|---|---|
| Title | JAMES v. CITY OF COSTA MESA, ET AL. | | |

federal, state, and municipal law. Were our federal statutes written differently, the Court would have the chance to contribute to the growing body of scholarship on these questions. But the Court's analysis today is limited to a narrow issue of statutory interpretation.

Plaintiffs Marla James, Wayne Washington, James Armantrout, and Charles Daniel DeJong (collectively "Plaintiffs") seek to prevent Defendant City of Costa Mesa and Defendant City of Lake Forest (collectively "Defendants") from shutting down medical marijuana collectives. Plaintiffs filed a motion for a preliminary injunction ("Motion"). In the Motion, Plaintiffs argue that the Americans with Disabilities Act ("ADA") gives disabled citizens a federally protected right to use medical marijuana if such use is legal under state law and done with appropriate supervision. They then argue that they will suffer irreparable harm absent a preliminary injunction, and that the balance of equities and the public interest weigh in favor of a preliminary injunction.

After considering all papers and arguments submitted, the Court finds that the text of the ADA is dispositive. Plaintiffs' argument under the ADA fails, so the Court DENIES the Motion without reaching issues of irreparable harm, the balance of the equities, or the public interest.

**PRELIMINARY MATTERS**

Defendant City of Costa Mesa has submitted numerous evidentiary objections. In motions with numerous objections, "it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, No. SACV 08-0582 AG (CWx), 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009). This is especially true where, as here, "many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*

"O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0402 AG (MLGx)** | Date | April 30, 2010 |
|---|---|---|---|
| Title | JAMES v. CITY OF COSTA MESA, ET AL. | | |

Here, the Court's analysis does not rely on most of the evidence under objection. Further, a district court "may give even inadmissible evidence some weight when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). Accordingly, the objections are OVERRULED, and the evidence submitted shall be given its due weight for the purposes of this Motion.

**BACKGROUND AND FINDINGS**

Plaintiffs are disabled individuals living in various cities of Orange County. (Compl. ¶¶ 3-5.) They have recommendations from their doctors to use medical marijuana. (Compl. ¶¶ 3-5.) Marijuana gives Plaintiffs "a measure of relief [from] the condition[s] that limit" major life activities. (Declaration of Marla James ("James Decl.") ¶ 12.)

To acquire their medical marijuana, Plaintiffs are members of marijuana collectives in Costa Mesa and Lake Forest. (James Decl. ¶ 9, Declaration of Wayne Washington ("Washington Decl.") ¶ 9, Declaration of James Armantrout ("Armantrout Decl.") ¶ 9, Declaration of Charles Daniel DeJong ("DeJong Decl.") ¶ 9). Plaintiffs are physically incapable of growing marijuana on their own. (Compl. ¶ 7.)

Defendants have taken actions prohibiting medical marijuana distribution within city limits. Defendant City of Costa Mesa passed Ordinance 05-11 that "prohibit[s] medical marijuana dispensaries in order to promote the health, safety, morals, and general welfare of the residents and businesses . . . ." This ordinance zoned out all marijuana dispensaries. Costa Mesa Municipal Code §§ 13-6, 13-30. Throughout March, Plaintiffs allege that Defendant Costa Mesa issued "48-hour Cease and Desist Orders." (Compl. ¶ 18.) The parties have not submitted these notices, so the precise details of the notices are not before the Court.

Defendant City of Lake Forest filed several lawsuits in the Orange County Superior Court

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **SACV 10-0402 AG (MLGx)** | Date | April 30, 2010 |
|---|---|---|---|
| Title | JAMES v. CITY OF COSTA MESA, ET AL. | | |

against marijuana dispensaries. (Declaration of Laura Dahl ("Dahl Decl.") ¶¶ 3, 7.) The Superior Court consolidated these cases into *City of Lake Forest v. Mark Moen, et al.*, No. 30-2009 00298887. (Dahl Decl. ¶ 6.) On February 8, Defendant Lake Forest filed motions for multiple preliminary injunctions in the *Lake Forest* case seeking to "enjoin ongoing violations of the Lake Forest Municipal Code," arguing that the marijuana collectives are a nuisance per se. (Dahl Decl. ¶ 7.) To the Court's knowledge, these motions have not yet been decided. (Dahl Decl. ¶¶ 7-10.)

Additionally, Plaintiffs fear going to marijuana collectives because they have "seen and heard media articles where the police . . . have raided operating marijuana collectives and detained collective members who were at the collective obtaining medical marijuana at the time . . . ." (James Decl. ¶ 15, Washington Decl. ¶ 14, Armantrout Decl. ¶ 15, DeJong Decl. ¶ 14.)

Plaintiffs claim a violation of the ADA. Specifically, Plaintiffs seek a reasonable accommodation from Defendants' zoning laws and policies to obtain access to medical marijuana to treat their disabilities.

Plaintiffs moved for a preliminary injunction, seeking to prevent Defendants from enforcing the 48-hour Cease and Desist notices and Costa Mesa Ordinance 05-11. Further, Plaintiffs seek to stay all zoning, nuisance, or civil actions against marijuana collectives and prohibit Defendants from engaging in police actions targeting medical marijuana collectives unless specific illegal activity is shown.

## **LEGAL STANDARD**

A preliminary injunction is a provisional remedy issued before final disposition of the litigation. Its function is to preserve the status quo and prevent irreparable loss of rights before judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). It is a "drastic and extraordinary remedy that is not to be routinely

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0402 AG (MLGx)** | Date | April 30, 2010 |
|---|---|---|---|
| Title | JAMES v. CITY OF COSTA MESA, ET AL. | | |

granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008).

## ANALYSIS AND CONCLUSIONS

Plaintiffs allege one claim for relief under the ADA. The ADA only protects "qualified individuals with a disability." 42 U.S.C. § 12112(a). Here, Plaintiffs suffer from various ailments that Defendants do not dispute.

Defendants contend that, although Plaintiffs are disabled, they are not qualified individuals under the ADA. An "individual with a disability" protected under the ADA "does not include an individual who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use." 42 U.S.C. § 12210(a). Here, Plaintiffs seek as a reasonable accommodation access to the drug marijuana to treat their disabilities, despite marijuana being a controlled substance under the Controlled Substances Act. 21 U.S.C. § 812.

Plaintiffs argue that the words "illegal use of drugs" in Section 12210(a) do not apply to Plaintiffs' circumstances because their use of marijuana is recommended by doctors under the California Compassionate Use Act. On the other hand, Defendants argue that marijuana cannot be legally prescribed under the Controlled Substances Act and thus the exception cannot apply.

At this stage, the Court agrees with Defendants. Marijuana is a Schedule I controlled substance under the Controlled Substances Act, and under that Act, it currently has no

"O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0402 AG (MLGx)** | Date | April 30, 2010 |
|---|---|---|---|
| Title | JAMES v. CITY OF COSTA MESA, ET AL. | | |

medical purpose. *See* 21 U.S.C. § 812(b)(1)(B) (Schedule I drugs have "no currently accepted medical use in treatment in the United States"); § 812(c) (listing "marihuana" as a Schedule I controlled substance). Although some illegal drugs, such as opium, may be prescribed under the Controlled Substances Act, marijuana cannot be prescribed because it is a Schedule I drug. *See* 21 U.S.C. § 829 (allowing for prescriptions of only Schedule II through Schedule V drugs). Thus, for Plaintiffs' argument to succeed the ADA must authorize, independent of the Controlled Substances Act, Plaintiffs' use of marijuana under a doctor's supervision. But the ADA gives no such authorization.

Plaintiffs' argument relies on an analysis of words in ADA Section 12210(d) which defines "illegal use of drugs" as follows:

> the use of drugs, the possession or distribution of which is unlawful under the Controlled Substances Act. Such term does not include the use of *a drug taken under supervision by a licensed health care professional*, or other uses authorized by the Controlled Substances Act or other provisions of Federal law.

42 U.S.C. § 12210(d) (emphasis added). The clause Plaintiffs rely on in Section 12210(d) ("such term does not include the use of a drug taken under supervision by a licensed health care professional") must be read in context with the next clause in sequence. That clause ("or other uses authorized by the Controlled Substances Act") shows that the preceding clause also requires authorization from the Controlled Substances Act, which, as established above, exists for some drugs, but not marijuana.

Plaintiffs argue that use of the conjunctive "or" combined with the comma after "professional" means that both are independent clauses, and satisfaction of either clause should trigger the exception to illegal drug use. Plaintiffs support their argument by noting that the Court must "give effect, if possible, to every clause and word of a statute, avoiding, if it may be, any construction which implies that the legislature was ignorant of

"O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-0402 AG (MLGx)** | Date | April 30, 2010 |
|---|---|---|---|
| Title | JAMES v. CITY OF COSTA MESA, ET AL. | | |

the language it employed." *See Astoria Federal Savings & Loan Ass'n v. Solimino*, 501 U.S. 104, 112 (1991); *see also Baily v. United States*, 516 U.S. 137 146 (1995) ("we assume that Congress used two terms because it intended each term to have a particular, nonsuperfluous meaning").

The problem with Plaintiffs' construction is that it gives no effect to the word "other" in Section 12210(d). If the phrase was written without the word "other" — "[s]uch term does not include the use of a drug taken under supervision by a licensed health care professional, or uses authorized by the Controlled Substances Act" — then the two clauses are independent. But as written, the word "other" depends on the first clause, and encompasses all of the "other" authorized uses in the Controlled Substances Act besides a prescription by a doctor. Neither clause is superfluous. Only when both clauses are taken together are all the authorized uses under the Controlled Substances Act included in the ADA exception.

The Court has found only one other court has analyzed this specific exception for illegal drug use under the ADA, and it reached the same conclusion. *See Barber v. Gonzales*, No. CV-05-0173-EFS, 2005 WL 1607189 at *4 (E.D. Wash. July 1, 2005). The Court agrees with *Barber* and holds that the exception applies only to authorized uses under the Controlled Substance Act or other Federal laws.

Because marijuana cannot be prescribed under the ADA, the Court finds no likelihood of success on the merits. With this finding, the Court need not reach the other elements listed in *Winters*, 129 S. Ct. at 374 (2008).

**DISPOSITION**

Plaintiffs' Motion for preliminary injunction is DENIED.

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 10-0402 AG (MLGx)** | Date | April 30, 2010 |
| Title | JAMES v. CITY OF COSTA MESA, ET AL. | | |

  : 0

Initials of Preparer    lmb